UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOREY GREEN, | No. 2:15-cv-1941-GEB-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| CITY OF VALLEJO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Korey Green, who proceeds in this action without counsel, initially commenced this action in the Northern District of California on July 30, 2015. (ECF No. 1.)[1] After defendants appeared in the case and filed a motion to dismiss the action, the case was transferred to this district on September 11, 2015. (ECF No. 15.) Defendants' motion to dismiss remains pending.

Nevertheless, for the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice and that defendants' motion to dismiss the action on other grounds be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff's complaint alleges various injuries suffered by plaintiff as a result of an interaction with City of Vallejo police officer J. Huff at the Six Flags Discovery Kingdom amusement park in Vallejo, California. However, plaintiff's complaint asserts only state law tort claims, such as assault, battery, and false imprisonment, against defendants Huff, the City of Vallejo, the Chief of Police of Vallejo, and the Vallejo Police Department. Additionally, there is no complete diversity of citizenship, because plaintiff and all defendants are citizens of California. Therefore, the court lacks federal subject matter jurisdiction over the action.

In recommending dismissal of the action, the court expresses no opinion regarding the merits of plaintiff's state law claims, and the dismissal should be without prejudice, allowing plaintiff to pursue his claims in state court. Indeed, it appears that plaintiff already has a pre-existing action against defendants arising from the same incident which remains pending in the Contra Costa County Superior Court and is unaffected by the dismissal of this case on jurisdictional grounds. (See ECF No. 20.)

Finally, although plaintiff consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), it appears that defendants have not yet filed a designation in that regard. As such, defendants are directed to promptly file a brief statement indicating whether or not they consent to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). Defendants are under no obligation to so consent,

but the designation assists the court in determining how the case should be processed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of federal subject matter jurisdiction.
2. Defendants' motion to dismiss on other grounds (ECF No. 11) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. All pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.
2. Defendants shall promptly file a brief statement indicating whether or not they consent to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 30, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3